**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 11 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FLAVIO RODRIGUEZ, | No. 15-56487 |
| Plaintiff-Appellant, | D.C. No. 8:13-cv-00681-AG-PLA |
| v. | |
| LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted April 7, 2017**
Pasadena, California

Before: CLIFTON and OWENS, Circuit Judges, and ANTOON,*** District Judge.

Flavio Rodriguez appeals from the district court's grant of summary

judgment in his 42 U.S.C. § 1983 action against the Los Angeles County Sheriff's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

Department ("LASD") and several individuals. As the parties are familiar with the facts, we do not recount them here. We affirm.

1. The district court properly granted summary judgment to the LASD because Rodriguez failed to raise a genuine dispute of material fact as to whether any "Friends of the Sheriff" program was the "moving force" behind the alleged violation of his due process rights. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (setting forth requirements for a § 1983 action against a local government entity under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

2. The district court also properly granted summary judgment to defendant Sheriff Leroy D. Baca because Rodriguez failed to raise a genuine dispute of material fact as to whether Baca was either personally involved in or sufficiently causally connected to the alleged due process violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (setting forth requirements for supervisor liability).

3. In addition, the district court properly granted summary judgment to defendants Larry Waldie and James Corbin based on qualified immunity because Rodriguez failed to show that it was "clearly established" that the circumstances here violated his due process rights. *See White v. Pauly*, 137 S. Ct. 548, 552 (2017) (per curiam) (reiterating that for qualified immunity the "clearly established law must be 'particularized' to the facts of the case" (citation omitted)); *Clairmont*

2

*v. Sound Mental Health*, 632 F.3d 1091, 1109 (9th Cir. 2011) ("The plaintiff bears the burden to show that the contours of the right were clearly established.").

4. Finally, the district court properly granted summary judgment to defendant Stanley Toy because Rodriguez failed to raise a genuine dispute of material fact as to whether Toy's disposition of the disbursed funds was inconsistent with Rodriguez's property rights. *See Fremont Indem. Co. v. Fremont Gen. Corp.*, 55 Cal. Rptr. 3d 621, 638 (Ct. App. 2007) (setting forth elements of conversion claim).

5. We need not decide whether the district court abused its discretion by deeming Rodriguez's late opposition as consent to granting summary judgment, or by relying on Rodriguez's admissions due to his failure to timely respond to requests for admission.

**AFFIRMED**.